■ HARNISCHFEGER CORPORATION, Plaintiff, v. M. STARK CONSTRUCTION CORP., Appellant; MEEKER ELECTRIC CO., INC., Respondent, et al., Defendants.—

Munder, Acting P. J., Martuscello, Kleinfeld, Brennan and Benjamin, JJ., concur.

■ In the Matter of LAUREN ROSE M. (ANONYMOUS). In the Matter of CHARLES M. (ANONYMOUS).—

No opinion. Munder, Acting P. J., Latham, Kleinfeld and Brennan, JJ., concur; Martuscello, J., dissents and votes to reverse the orders and to remand and reopen the fact-finding hearing below for purposes not inconsistent with the following memorandum: The appeals are from two orders of the Family Court, Richmond County, both dated June 15, 1970, which adjudged appellant's children, Charles, Jr., and Lauren Rose, to be neglected, and placed them in the temporary custody of their father. The newly enacted section 1044 and section 1046 (subd. [b], par. [ii]) of the Family Court Act (L. 1970, ch. 962, § 9) provide, as did former section 344 of the Family Court Act (repealed by L. 1970, ch. 962, § 8), that in a fact-finding hearing to determine whether or not a child is abused or neglected only competent, material and relevant evidence may be admitted. It appears from the record that the trial court, prior to its determination, read a report written by a Dr. Davis, over objection by appellant, without allowing appellant to see it. The record is unclear as to the exact nature of this report and as to whether it discussed appellant or her children. Moreover, the record is unclear as to what impact this report had on the court's determination. The receipt of the report into evidence, over objection, without giving appellant an opportunity to inspect it and to cross-examine the doctor as to his findings, was clearly improper and, if it influenced the court's determination, constituted a denial of due process of law (see *Matter of Dulay*, 24 A D 2d 208). Consequently, I am of the opinion that the orders should be reversed, the proceedings remanded to the Family Court and the hearing below reopened to afford appellant the opportunity to inspect the report by Dr. Davis and to subpoena the latter for cross-examination, if deemed necessary.